IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| MARCUS BOWMAN, Jr., #235986 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>LEROY CARTLEDGE, WARDEN, )<br>OF MCCORMICK )<br>CORRECTIONAL INSTITUTION, )<br>)<br>)<br>Respondent. )<br>_____) | Civil Action No. 3:09-2014-MBS-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Marcus Bowman ("Bowman"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for a murder which occurred in Charleston, South Carolina on October 30, 1995. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on July 30, 2009. Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(b)(2)(c) and (e), (D.S.C.). Respondent filed a return and motion for summary judgment, supported by relevant portions of the state court record, on November 9, 2009. Because Bowman is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 10, 2009 advising him

1

of his responsibility to respond to the motion for summary judgment. Instead of filing a memorandum addressing issues raised in the motion for summary judgment, on December 23, 2009, Bowman filed an "Affidavits" to which was attached a new petition upon which he now wishes to proceed. A review of the record shows that Respondent has not filed a response to Bowman's filing of December 23, 2009.

Because the undersigned concludes that the filing of the original petition in this case was untimely, it is recommended that Respondent's motion for summary judgment be granted.

**1. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must

3

be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where

prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The record before this Court shows the following:

1. Bowman was convicted by a jury on December 6, 1996.

2. A direct appeal was filed by the South Carolina Office of Appellate Defense raising the following issues:

> 1. Whether the judge abused his discretion by refusing to allow appellant to impeach Officer Michael Gordon with evidence the police had other leads or suspects in this case, since Gordon earlier testified appellant was the only suspect in the murder?
>
> 2. Whether the judge erred by refusing to direct a verdict of acquittal where there was not any substantial circumstantial evidence of appellant's guilt, where there were no eyewitnesses to the shooting , and no physical evidence linking appellant to the murder?

(App. 481).

3. The South Carolina Supreme Court affirmed the conviction. *See* State v. Bowman, 98-MO-093 (S.C.Sup.Ct. filed November 20, 1998). (*see* App. 524).

4. The Remittitur was returned on December 10, 1998.

5. Bowman filed an application for post-conviction relief ("PCR") ("PCR I") on August 9, 1999. (App. 526). An amended application was filed by counsel. (App. 555).

6. At an evidentiary hearing held on August 9, 1999 (App. 526), the court denied all claims except a claim of ineffective assistance of counsel relating to a Jackson v. Denno hearing. The court asked for further briefing on the issue. (App. 646).

7. Soon after the hearing, Bowman wrote his counsel complaining of his representation during the hearing. A second hearing was held on January 28, 2002. (App. 649). Bowman stated that the wished to withdraw the claims presented at the PCR hearing

including the issue related to the Jackson v. Denno hearing. (App. 656).

8. On April 4, 2002, the PCR court issued an "Order of Withdrawal" which listed all claims contained in the original application and amended application and found that Bowman voluntarily withdrew all claims with the understanding that "withdrawal with prejudice would bar him from ever challenging the convictions on any claims that he raised or could have raised at this time." (App. 665). The PCR application was dismissed with prejudice. (*Id.*).

9. Attached to Bowman's proposed new habeas petition is a copy of a "Notice to Vacate for Lack of Subject Matter Jurisdiction" filed in the South Carolina Supreme Court which is dated May 29, 2002. This motion does not appear to have been specifically addressed by the Supreme Court, and it is not mentioned by Respondent.

10. A Johnson[1] petition for writ of certiorari was filed on Bowman's behalf raising the following issues:

> 1. Did the lower court err by refusing to order a new PCR hearing when PCR counsel failed to raise all of petitioner's issues.
>
> 2. Was trial counsel ineffective for failing to call petitioner as a witness in a hearing into the voluntariness of petitioner's statement to police, when the statement may have been involuntary?

Bowman filed a *pro se* brief.

11. The petition for writ of certiorari was denied by the South Carolina Supreme Court on April 24, 2003. The Remittitur was returned on May 13, 2003.

12. Bowman filed another PCR application ("PCR II") on December 10, 2003, essentially

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

arguing that his counsel from PCR I was ineffective for failing to raise all the issues that Bowman wanted to raise. (PCR App. II, 7-8). The State filed a return and motion to dismiss. (*Id.* 21).

13. A hearing was held in PCR II on January 20, 2005. (*Id.* 30). Counsel for Bowman argued that Bowman was entitled to a new PCR hearing under state precedent because he did not receive his "one bite of the apple" and the conclusions in the court's order in PCR I were not supported by the record.

14. The court in PCR II issued an order of dismissal on February 23, 2005 finding that the petition was untimely pursuant to the state statute of limitations, S.C.Code Ann. § 17-27-45(a) and was successive under South Carolina law. The court also found that Bowman had received a full review of PCR I under the Johnson petition and his *pro se* petition and that he had not met the standard for raising new "allegations under the guise of newly discovered evidence." (*Id.* 71). PCR II was dismissed with prejudice.

15. Counsel for Bowman filed a motion to amend the order pursuant to Rule 59, SCRCP. (*Id.* 74). The motion was denied on June 27, 2005. (*Id.* 75).

16. A Johnson petition was filed by the South Carolina Office of Appellate Defense raising the following issue:

> "Whether there was any evidence to support the PCR judge's findings that petitioner's current application was barred by the statute of limitations and that it was successive?"

Respondent asserts that Bowman filed a *pro se* brief which was not served on Respondent and it is not a part of the record.

17. The petition for writ of certiorari was denied by the South Carolina Court of Appeals on September 13, 2007. The Remittitur was returned on October 1, 2007.

18. Also attached to the proposed new habeas petition is a hand written "Petition for Writ of Habeas Corpus" addressed to the South Carolina Supreme Court which is undated. The order denying the petition issued by the South Carolina Supreme Court on July 23, 2008 indicates that the petition was received by the Supreme Court on July 23, 2008. Bowman's petition for rehearing was denied on September 5. 2008. (*See* copies attached to proposed new habeas application). Respondent does not mention the state habeas proceeding in relating the procedural history of this case.

Bowman's conviction became final 90 days after the Remittitur was returned on December 10, 1998 following his direct appeal, i.e., March 11, 1999. Harris v. Hutchinson, *supra*. Bowman's original petition shows that he delivered it to the institutional mailroom for mailing over ten years later, July 23, 2009. Thus for statute of limitations purposes the issue is the amount of time that was tolled during this lengthy period pursuant to 28 U.S.C. § 2244(d)(2).

PCR I was filed August 9, 1999. (App. 526). Bowman allowed 151 days of untolled time to lapse prior to the filing of his PCR. Respondent concedes that the statute of limitations was tolled during the period that PCR I was pending, i.e., until May 13, 2003. However, Respondent argues that the statute of limitations was not tolled by PCR II. A collateral action must be "properly filed" under state procedure to toll the statute of limitations. 28 U.S.C. § 2244(d)(2). Collateral actions that are procedurally barred under state rules, e.g., untimely or successive, are not "properly filed." Pace v. Diguglielmo, 544 U.S. 408 (2005). Therefore, PCR II did not toll the statute of limitations.

This rule would also apply to the state habeas action which Bowman filed that was not

discussed by Respondent. The South Carolina Supreme Court cited Simpson v. State, 329 S.C. 43, 495 S.E.2d 429 (1998) in dismissing Bowman's habeas action. Simpson held that the South Carolina Supreme Court would not exercise its jurisdiction under Article 5, § 5 of the South Carolina Constitution to consider habeas corpus petitions which raised issues that could have properly been raised in an application for post-conviction relief. *Id.* at 46. The South Carolina Supreme Court, therefore, applied a procedural bar to the state habeas petition, and the undersigned concludes that it was not properly filed.

Further, even if PCR II and the state habeas petition were properly filed and did toll the statute of limitations, the present petition would not be timely.

The record shows:

| **Event** | **Date** | **Untolled Time** | **Total** |
|---|---|---|---|
| Conviction Final | 3/11/99 | | |
| PCR I Filed | 8/9/99 | 151 days | 151 days |
| PCR I Remittitur | 5/3/03 | | |
| PCR II Filed | 12/10/03 | 211 days | 362 days |
| PCR Remittitur | 10/1/07 | | |
| State Habeas Filed | 7/23/08 | 295 days | 657 days |
| State Habeas Rehearing Denied | 9/5/08 | | |
| 2254 Petition Filed | 7/23/09 | 304 days | 961 days |

The undersigned concludes that 961 days of untolled time lapsed between the date Bowman's conviction became final and the date the present petition was filed, giving Bowman credit for which he is entitled for the time PCR I was pending, and credit for the time PCR II and his state habeas

9

petition were pending for which he is not entitled to tolling.

The present petition is untimely, Bowman has not argued that he is entitled to equitable tolling, and Respondent's motion for summary judgment should be granted on this basis.

**2. Procedural Bar**

In addition to the argument relating to the statute of limitations, Respondent argues that the grounds for relief raised in the original petition are procedurally barred because they have not been properly presented to the South Carolina Appellate Courts. Bowman does not appear to dispute this argument.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**A.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is either an absence of available State corrective process; or

>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq*. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot

11

assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[2] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d

---

[2]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### B. Procedural Bypass[3]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

---

[3]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

13

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### D. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims

which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221

F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

**E.     Procedure**

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The original petition in this case does not contain any statement of grounds for relief in the spaces provided. Instead, Bowman references an attachment to state his claims. The attachment is a copy of a *pro se* objection Bowman made to the Respondent's response to PCR I. It is dated February 28, 2000. The numerous objections are summarized by Respondent herein as presenting the following grounds for relief:

I.   Ineffective Assistance of Trial Counsel:

   A.  Counsel failed to present a defense theory, refused to accept offer for a continuance, had a plea agreement with the judge, failed to object to circumstantial evidence instruction.

   B.  Counsel failed to have a preliminary hearing.

C. Counsel failed to object to false testimony concerning a baseball cap when witness changed testimony on cross-examination and the state's closing statements concerning the baseball cap evidence.

D. Counsel erred in submitting the baseball cap evidence when there was no evidence Petitioner was wearing a cap.

E. Counsel failed to preserve issues for appellate review.

F. Counsel failures set out above showed a conflict of interest due to divided loyalties.

G. Counsel failed to investigate exculpatory witnesses who could have supported Petitioner's "three fellows" theory.

H. Counsel failed to object to burden shifting circumstantial evidence instruction.

I. Counsel's agreement to not object to the instruction created a conflict of interest.

J. Counsel failed to ensure an indictment was issued and read in open court.

K. Counsel failed to object to false testimony of witnesses based upon their bias and interest in outcome or challenge the credibility of the witnesses.

Bowman has not challenged this summary and in his affidavit accompanying his new proposed petition appears to concede that these claims are not properly before this Court. Therefore, the undersigned concludes that all claims raised in the original petition in this case are procedurally barred.

By filing his proposed new petition, Bowman follows the same pattern he followed in state court. At a late and crucial point in the litigation, he wishes to change his claims. The proposed new petition should be construed as a motion to amend the petition and denied pursuant to Rule 15, Fed.R.Civ.P. In addition to the untimeliness and prejudice to the Respondent, the motion so

17

construed would be futile.

The only ground stated in the body of the Petition is:

**Ground One** - Question of Issues & claims or Presented as a Violations of Jurisdictional Matter of Due Process Violations.

Again, Bowman refers to attachments to the petition. These attachments include a motion dated May 29, 2002 filed in the South Carolina Supreme Court seeking to vacate his conviction for lack of subject matter jurisdiction of the trial court and the petition for writ of habeas corpus filed in the South Carolina Supreme Court which again raises jurisdictional issues. As discussed above, the South Carolina Supreme Court applied a procedural bar to these issues because they could have been waived in the post-conviction process. Therefore, these claims have not been properly presented to the state courts for review.

## Conclusion

Based on a review of the record, it is recommended that:

(1) Petitioner's proposed new petition be construed as a motion to amend and be **denied**;

(2) Respondent's motion for summary judgment be **granted**; and

(3) The petition be **dismissed** with prejudice, and without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

April 15, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).