IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marcus Bowman, Jr., #235986, ) | |
| ) | C/A No. 3:09-2014-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Leroy Cartledge, Warden of McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Marcus Bowman, Jr. ("Petitioner") is a prisoner in the custody of the South Carolina Department of Corrections currently serving a sentence of life imprisonment for a murder that occurred in Charleston, South Carolina on October 30, 1995. On July 23, 2009, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"). ECF No. 1. This matter is before the Court on Respondent's Motion for Summary Judgment, filed on November 9, 2009. ECF No. 11. For the reasons set forth below, the court grants Respondent's motion for summary judgment and dismisses Petitioner's Habeas Petition with prejudice.

**I.    BACKGROUND**

   **A.    State Court Proceedings**

Petitioner was convicted of murder following a trial by jury on December 6, 1996. He filed a direct appeal and the South Carolina Supreme Court confirmed the conviction on November 20, 1998. S.C. Supreme Ct. Order, ECF No. 10-1. The Remittiur was returned on December 10, 1998 and Petitioner's conviction became final 90 days thereafter. S.C. Supreme Ct. Letter of Remittiur 1, ECF No. 10-2; see also Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

1

On August 9, 1999, Petitioner filed the first of his applications for Post Conviction Relief ("PCR I"), raising the following issues:

1. Ineffective assistance due to trial counsel's failure to "Properly Prepare for Malice Murder Trial, to investigate Case Law, . . . to obtain Closing Arguments Transcripts, for Appeal and failed to provide Applicant with such," ECF No. 10-14 at 34;

2. Ineffective assistance due to trial counsel's failure to "Properly advise Applicant of all his Constitutional Rights, that he could act as co-counsel, participate in his own defense, and give closing statement to jurors," id.;

3. Ineffective assistance due to trial counsel's failure to "Motion Court for Proper Voir dire of Jurors during trial, especially to determine if jurors ha[d] been tampered with, and influenced in any manner, by anyone, due to the popularity of the victim, or the un-usual Character of State's Witness," id.;

4. Ineffective assistance due to trial counsel's "Failure . . . to secure Applicant's Rights to a Fair Trial to receive an arraignment and be advised of Pre-Trial elements, and proceedings," id.;

5. Ineffective assistance due to trial counsel's failure to "Object to gross-multiple burden-shifting, erroneous, and Prejudicial Statements during Closing Statements as to Applicant's Lack of testimony and evidence," id.;

6. Ineffective assistance due to trial counsel's failure to "Object to Trial Judge's erroneous Jury instructions of Reasonable Doubt, and charges as 'a whole' that were Burden shifting, and Un-Constitutional," id.;

7. Ineffective assistance due to trial counsel's failure to "Object to Trial Judge's erroneous Burden-shifting Jury instruction on Malice, Presumptions, that were Burden-shifting, and Un-Constitutional," id.;

8. Ineffective assistance due to trial counsel's failure to "Move for Court to give Jury instructions on the Lesser offenses of Voluntary and involuntary Manslaughter, as mandated by Constitutional Amendments, & State Law," id.;

9. Ineffective assistance due to trial counsel's failure to "Object and move for mistrial, and dismissal of indictment upon Defected Indictment, Court Lack of Grand Jury Presentation of Indictment, and Amended Indictment," id. at 35;

2

10. Ineffective assistance due to trial counsel's failure to "Object to and Challenge Trial Court's Jurisdiction to . . . Prosecute Applicant upon Defected Structural Errors, Substituting Elements of Malice, with 'Unlawful Act,'" id.;

11. Court deprivation of "effective assistance of Trial Counsel, in Violation[] of" the Sixth and Fourteenth Amendments of the United States Constitution, id.;

12. Deprivation of a fair trial by the Court and the Prosecutor, "before and during trial, [by] with-holding Pre Trial arraignment, [and] with-holding evidence of Court's Lack of Grand Jury Presentation of indictment," id.;

13. Deprivation of a fair trial by the Court and the Prosecutor, because they "allowed Applicant to be prosecuted upon erroneous Reasonable Doubt, and Malice Murder instructions to Jurors," id.;

14. Deprivation of a fair trial by the Court and the Prosecutor, because they "allowed Applicant to be prosecuted upon Defected Indictment, Amended, Substituted Elements of indictment, Verdict of guilt was Void pursuant [to] Court's lack of Jurisdiction to receive such upon Defected indictment, and Trial Counsel was totally ineffective failing to protect, Applicant's Constitutional Rights to Fair Trial," id.;

15. Violation of the Sixth and Fourteenth Amendments of the United States Constitution by the Trial Court's failure "to charge Jurors on Law of Manslaughter," id.;

16. "The indictment being void, and there being no indictment by Grand Jury, Court had no jurisdiction to receive Verdict and Sentence Applicant for any crimes, and State does not have Jurisdiction to retain Applicant in prison," id. at 36;

17. "The Trial Court submitted Murder-felony doctrine as to Jury, that was mandated presumption of Malice and intent as charged by Court was unconstitutional, intent being presumed was Mandatorily from the Act, simply because homicide occurred during armed-felony, such totally relieved Prosecution of all burden of proof of intent/Malice, & Substituted 'Unlawful Act,'" id.;

18. "Trial Court gave Erroneous Reasonable Doubt instructions that could have mislead Jury into finding no reasonable doubt, when in fact there [was] some. Court failed to properly, clearly correctly instruct the Jury, that if they had a reasonable doubt as to Applicant's Guilt of Murder or voluntary

manslaughter, [or] involuntary manslaughter, it was [their] duty to resolve that doubt in Applicant's favor, and find him guilty of the lesser offense, Court's erroneous Burden-shifting Reasonable Doubt and Malice instructions, were unconstitutional, and deprived Applicant of Due Process of law, Equal Protection of Law, and A Fair Trial, Effective assistance of Trial Counsel," in violation of Article I, Sections Three and Fourteen of the South Carolina Constitution and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Id.

Petitioner's appellate counsel, Andrew David Grimes, later submitted an amended PCR on Petitioner's behalf. Am. PCR I, ECF No. 10-14 at 61–67. The Amended PCR set forth nine ineffective assistance of counsel claims:

[1.]  trial counsel failed to move to suppress the statement of Marcus Bowman on the ground that the police violated Marcus Bowman's Fifth and Sixth Amendment rights to counsel and his right to counsel under the South Carolina Constitution when the record will show that Marcus told the police that he wanted to speak with an attorney and that he wanted to call his mother for her to get an attorney;

[2.]  trial counsel failed to call Marcus Bowman in the Jackson v. Denno hearing to testify that the police obtained his statement by threatening him with, inter alia, the death penalty;

[3.]  trial counsel's cross-examination of James Nelson helped to bolster the testimony of James Nelson;

[4.]  trial counsel failed to investigate whether Kelvin Shine could have committed the murder despite having information that Kelvin Shine shot the victim;

[5.]  trial counsel's cross examination of Sergeant Gordon was inadequate because trial counsel failed to lay the proper foundation and to make the proper arguments to show that the police knew of other suspects in this case;

[6.]  trial counsel failed to accept the continuance offered by the court which would have allowed him the opportunity to lay the proper foundation for admitting evidence of other possible suspects;

[7.]  trial counsel failed to object to the state's closing argument where the assistant solicitor commented upon Mr. Bowman's lack of remorse, Mr. Bowman's failure to testify, and Mr. Bowman's failure to accept

4

responsibility;

[8.] trial counsel failed to object to the state's closing argument where the assistant solicitor's referring to Mr. Bowman as a "Rat" where there was no evidence that Mr. Bowman used "Rat" as a nickname, where the term "Rat" was not used to prove any matter in controversy, and where the use of "Rat" was designed to appeal to the passion of the jury;

[9.] trial counsel failed to object to the trial judge's charge to the jury on reasonable doubt where the trial court shifted the burden of proof to Mr. Bowman by instructing the jury to be "in search of the truth"[.]

ECF No. 10-14 at 62–63.

On May 17, 2001, an evidentiary hearing was held in the Court of Common Pleas for the County of Charleston. The Honorable Jackson V. Gregory heard argument and testimony from the Executive Director of the Charleston County Public Defender, Ashley Pennington; Petitioner's trial counsel, James Smiley; Petitioner's mother; and Petitioner.[1] 5/17/01 Hr'g Tr. 1, 2, ECF No. 10-15 at 5, 6. At the close of that hearing, Judge Gregory denied the PCR on all grounds except as related to Petitioner's Jackson v. Denno hearing. Id. at 81:8–10, ECF No. 10-16 at 25. Judge Gregory advised that he would take that issue under consideration. Id.

Shortly thereafter, Petitioner sent appellate counsel Mr. Grimes a letter requesting that the amended PCR be withdrawn. See 1/28/02 Hr'g Tr. 3:1–15, ECF No. 10-16 at 30. On January 28, 2002 Judge Gregory held another hearing, at which Petitioner informed the court that he did not wish to pursue the Jackson v. Denno issue. Id. at 7:18–24, ECF No. 10-16 at 35. Instead, Petitioner requested that the court appoint him new counsel and grant him a new evidentiary hearing to allow him to raise certain issues that he claimed that, contrary to his wishes, Mr. Grimes failed to raise at

---

[1] The R&R provides that an evidentiary hearing was held on August 9, 1999, the same day that Petitioner filed PCR I. R&R 5, ECF No. 14. This appears to be a typographical error.

the first hearing. Id. at 8:11–13, ECF No. 10-16 at 36. The court denied Petitioner's request and orally ruled:

> [Y]our request to grant you a — appoint you another attorney or to grant you another PCR hearing are denied. I find that you are knowingly, freely, intelligently waiving the issue of the . . . validity of the Jackson v. Denno hearing. And . . . since that's the only issue that I have not ruled on . . . your PCR application is denied . . . under the Strickland test and the other authorities[.]

Id. at 8:16–22, ECF No. 10-16 at 36.

The court issued a written Order of Withdrawal on April 4, 2002, which listed each of the claims made in Petitioner's original PCR application and the amended application and found that, at the January 2002 hearing, "[t]he Applicant advised the Court that he no longer wished to pursue this state post-conviction relief action." Order of Withdrawal 5–6, ECF No. 10-16 at 43–44. The court further found that, "[t]he Applicant indicated he understood that a withdrawal with prejudice would bar him from ever challenging the convictions on any claim that he raised or could have raised at this time. He stated that he no longer sought to pursue this matter." Id. at 6. For these reasons, the court ordered Petitioner's PCR I be dismissed with prejudice. Id.

Assistant Appellate Defender Aileen P. Clare filed a writ of certiorari on Petitioner's behalf, presenting two issues for review:

1. Did the lower court err by refusing to order a new PCR hearing, when PCR counsel failed to raise all of petitioner's issues?

2. Was trial counsel ineffective for failing to call petitioner as a witness in a hearing into the voluntariness of petitioner's statement to police, when the statement may have been involuntary?

Johnson Pet. for Writ of Cert. 2, ECF 10-3 at 3. The South Carolina Supreme Court denied the writ on April 24, 2003. S.C. Supreme Ct. Order 1, ECF No. 10-5. The Remittitur was returned on May

13, 2003. S.C. Supreme Ct. Letter of Remittitur 1, ECF No. 10-6.

On December 10, 2003, Petitioner filed a second PCR ("PCR II"), which the South Carolina Supreme Court denied by summary order on September 13, 2007. S.C. Supreme Ct. Order 1, ECF No. 10-8. The Remittitur was returned on October 1, 2007. S.C. Supreme Ct. Letter of Remittitur, ECF No. 10-9.

Petitioner filed a writ of habeas corpus with the South Carolina Supreme Court on June 18, 2008.[2] See Order Denying Writ 1, ECF No. 13-1 at 41. That court issued an order denying the writ on July 23, 2008. Id. Petitioner submitted a Petition for Re-Hearing, which was denied by the State Supreme Court on September 5, 2008. See Order Denying Petition for Re-Hearing 1, ECF No. 13-1 at 60; Letter from S.C. Supreme Ct. to Marcus Bowman 1 (Sept. 5, 2008), ECF No. 13-1 at 58.

### B. Habeas Petition

Petitioner filed the instant Habeas Petition on July 23, 2009. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On November 9, 2009, Respondent filed a motion for summary judgment. ECF No. 11. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on November 10, 2009, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 12. Petitioner filed a response in opposition

---

[2] The R&R states that the order ultimately denying Petitioner's state habeas petition indicates that the petition was received by the South Carolina Supreme Court on July 23, 2008. R&R 8, 9, ECF No. 14. This appears to be a typographical error. The order denying the writ was issued on July 23, 2008; it states that the petition was received on June 18, 2008. See S.C. Supreme Ct. Order (July 23, 2008), ECF No. 13-1 at 41.

7

on December 23, 2009. ECF No. 13. Attached to Petitioner's response was a new proposed petition for habeas corpus. See ECF No. 13-1. Petitioner requested leave from the court "to refile the proper Petition in order to be in compliance with the states records." ECF No. 13 at 1.

On April 15, 2010, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that: (1) Petitioner's proposed new petition be construed as a motion to amend and be denied; (2) Respondent's motion for summary judgment be granted; and (3) the Habeas Petition be dismissed with prejudice, and without an evidentiary hearing. R&R 18, ECF No. 14. Petitioner filed an objection to the R&R on May 6, 2010. Pet'r's Objection, ECF No. 16.

**II. DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight—the ultimate responsibility for making a final determination remains entirely with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

The R&R thoroughly analyzes Petitioner's claims and recommends that this court grant Respondent's motion for summary judgment on the ground that Petitioner's claims are time barred and procedurally barred. Petitioner's objections make no argument that the Habeas Petition is not time barred or procedurally barred. Instead, Petitioner repeats his substantive allegations about the

legality of his confinement. In other words, Petitioner fails to make specific objections, supported by evidence or legal argument, that might direct the court to a specific error in the Magistrate Judge's R&R. Nevertheless, the court has thoroughly examined the record and, being in agreement with the Magistrate Judge's analysis, hereby adopts the R&R and incorporates it by reference, with the minor date corrections specifically referenced in this Order.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **declines to issue** a certificate of appealability.

## IV. CONCLUSION

The court construes Petitioner's proposed new petition as a motion to amend and hereby **denies** the motion as untimely, prejudicial to Respondent, and, because it does not cure the deficiencies of the original Habeas Petition, futile. Respondent's motion for summary judgment, ECF No. 11, is hereby **granted.** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is hereby **dismissed** with prejudice. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

September 21, 2010
Columbia, South Carolina